## LEWIS (A SLAVE) *vs.* THE STATE.

[INDICTMENT FOR RAPE.]

1. *What constitutes rape.*—Force, actual or constructive, is a necessary ingredient in the crime of rape : sexual commerce with a female, with her consent, does not constitute the offense, although her consent was procured by a fraudulent personation of her husband.
2. *Variance.*—Proof of a rape will sustain an indictment for an attempt to commit a rape.

From the Circuit Court of Dallas.

Tried before the Hon. ROBERT DOUGHERTY.

THE indictment in this case charged, that the prisoner, who was a slave, ·"did forcibly ravish, or attempt forcibly to ravish, Letitia Boltze, a white female." The prosecutrix testified, in substance, that after she had gone to bed, on the night of the alleged assault, she was awakened by some one rubbing his face against hers; that the person then had one leg over her, with his right arm across her breast, and her clothes raised above her knees; that she at first supposed it was her husband, who usually came to bed after she had fallen asleep; that she spoke to him, and, receiving no answer, put her hand on his hand,

when she discovered that it was a negro; that she then ordered him to "clear out," and the negro got up; that on her calling out to her uncle, who was sleeping in an adjoining room, the negro said, "hush," and ran out of the room; that she recognized the prisoner from his voice. The evidence also showed, that the prisoner was well acquainted with the premises, the situation of the several rooms in the house, and the fact that persons were sleeping in an adjoining room. It further appeared, that the prosecutrix had made contradictory statements about the matter; at one time admitting that the prisoner had had actual connection with her, and at another time saying that she did not know whether he had or not.

The prisoner requested the following charges:

"1. That in order to find the prisoner guilty of an assault with intent to commit a rape, the jury must be satisfied that, when he laid hold of Mrs. Boltze, he not only desired to gratify his passions on her, but intended to do so at all events, notwithstanding any resistance on her part.

"2. That if the jury believe it was the prisoner's intention, when he entered Mrs. Boltze's room, to accomplish his purpose by fraud or surprise, intending to represent her husband, without using force, it is not an assault with intent to commit a rape, because one of the essential ingredients of that offense is wanting.

"3. That if the jury believe from the evidence that the prisoner at first used force, but desisted on resistance being made, and not because of an interruption, it could not be said that it was his intention to commit a rape, and therefore they cannot find him guilty.

"4. That if the jury believe from the evidence that the prisoner had actual connection with Mrs. Boltze, they cannot find him guilty of an attempt to commit a rape."

The refusal of these several charges, which was duly excepted to, presents the matters now assigned as error.

GEORGE P. BLEVINS and JOHN T. MORGAN, for the prisoner.

M. A. BALDWIN, Attorney-General, with whom was GEORGE W. GAYLE, *contra*.

STONE, J.—It is settled by a chain of adjudication, too long and unbroken to be now shaken, that force is a necessary ingredient in the crime of rape.—Bishop on Crim. Law, § 411. The only relaxation of this rule is, that this force may be constructive. Under this relaxation, it has been held, that where the female was an idiot, or had been rendered insensible by the use of drugs or intoxicating drinks, and, in one case, where she was under the age of ten years, she was incapable of consenting, and the law implied force.—Rex v. Ryan, 2 Cox's C. C., 115; Commonwealth v. Fields, 4 Leigh, 648; The State v. Shepard, 7 Conn. 54; Regina v. Camplin, 1. Car. & Kir. 746; Bishop's Cr. Law, § 343.

But, when the cohabitation is, in fact, consentive, although that consent was procured by fraudulent personation of the female's husband, there is neither actual nor constructive force, and such act does not amount to the crime of rape.—Rex. v. Jackson, 1 Russ. & Ryan C. C. 486; Regina v. Clarke, 6 Cox's C. C. 412; Leading Criminal Cases, 232–3; 29 Eng. Law & Eq. 542.

On principle, a defendant cannot be convicted of an attempt to commit the crime of rape, unless he actually attempted to cohabit with a female by force, and against her consent. There was, in this case, at least some evidence tending to show that the act of the prisoner was an attempt to accomplish his object by fraudulent personation of the husband; and it was the right of the prisoner to have it passed on by the jury. The charge numbered two in the series, ought to be given.—Bob v. The State, 29 Ala. 20.

The other charges were rightly refused, because the first and third assume a higher grade of force than the law requires. The fourth loses sight of the plain fact, that in every actual rape, there is necessarily involved an attempt to commit the crime. Each, when committed by a slave on a white female, is punished with the same severity, and the doctrine of merger does not apply.—See Bob's case, *supra.*

The arraignment in this case was sufficiently certain; it substantially identifies this case. An imperfect marginal

note speaks of a *nolle prosequi* of the first count. We do not feel called on to respond to it.

The result of what we have said is, that the judgment of the circuit court is reversed, and the cause remanded.

We depart from our usual course, for the purpose of inviting the attention of the legislature to this subject. Under our penal laws, one who obtains the goods of another under false and fraudulent pretenses, is held guilty in the same degree as if he had feloniously stolen them. He who contaminates female purity under like fraudulent pretenses, goes unwhipped of justice.

Let the prisoner remain in custody until discharged by due course of law.