THE STATE, Respondent, v. ROSS, Appellant.

1. An indictment charging that the defendant "with force and arms, at &c., upon the body of one E. J., then and there being, feloniously did make an assault, and then and there feloniously and forcibly *did attempt to ravish* and unlawfully and carnally know the said E. J. against her will, who was then and there a woman of the age of ten years and upwards, contrary," &c., is bad under section 37 of article 2 of the act concerning crimes and punishments (R. C. 1845, p. 350,) in that it does not charge an assault *with intent* to ravish; it is also bad under section 1 of article 9 of said act.

*Appeal from Andrew Circuit Court.*

*Loan* and *Hall*, for appellant.

I. The indictment (if framed on any section of the statute at all) was framed on the 38th section of article 2 of the act concerning crimes and punishments. (R. C. 1855, p. 567.)

It is not good under this section, because it does not charge the assault was made " with intent to commit a rape." This is the essence of the offence, and it was necessary to allege it in the indictment, and prove it on the trial.

II. The indictment does not show such an attempt, which, had it been completed, would have amounted to rape. It charges that " the said Emily Johnson was a woman of the age of ten years and upwards." It ought to have charged that she was a " female child under the age of twelve years," or a " woman of the age of twelve years or upwards." It charges neither. These are the statute definitions of the persons upon whom a rape may be committed, and they can not be changed by pleading.

*Ewing*, (attorney general,) for the State.

I. The assault is charged, and the design, purpose or intent of the assault is averred as clearly as language could make it, by alleging an attempt to ravish. The averment that defendant did attempt to ravish, &c., shows not only *quo animo* the assault was made, but also some endeavor or effort towards accomplishing it. These words of the indictment, *ex vi termini*, import the intent with which the assault was made, namely, to commit the offence charged to have been attempted. There could have been no attempt to ravish without an intention to do it. The manner and means of the assault, or the manner of the attempt- to ravish, need not have been averred. If a word used in the indictment is equivalent to the word used in the statute, or is of more extensive signification than it, and includes it, the indictment will be sufficient. (Wharton C. L. 190; State v. Bullock, 13 Ala. 413; United States v. Bachelder, 2 Gall. 15; State v. Hickman, 3 Halst. 299.)

II. The statute definitions of the persons upon whom a rape may be committed are " any female child under the age of ten years," or " any woman of the age of ten years or upwards," and the indictment follows the statute. (R. C. 1845, art. 2, § 26, p. 348.)

RYLAND, Judge, delivered the opinion of the court.

The defendant Ross was indicted at the May term of the circuit court of the county of Gentry, in the year 1856, for an assault and attempt to ravish one E. J. The defendant appeared to the indictment, filed his petition for a change of venue, which was allowed, and the venue was changed from Gentry circuit court to the circuit court of Andrew county. At the April term of the Andrew circuit court, 1857, the defendant moved the court to quash the indictment; this motion being overruled, he pleaded not guilty; was tried and convicted; the jury assessed his punishment to a fine of five hundred dollars and three months' imprisonment in the county jail. The defendant filed his motion for a new trial, which was overruled; also filed his motion in arrest of judgment, which being overruled, he excepted, filed his bill of exceptions, and brings the case here by appeal.

The questions before us involve the sufficiency of the indictment, which, in substance, is as follows:

" In the circuit court, May term, 1856—county of Gentry, to-wit. The grand jurors of the state of Missouri, &c., upon their oath present, that George Ross, late of said county, on, &c., with force and arms, at, &c., upon the body of one Emily Johnson, then and there being, feloniously did make an assault, and then and there feloniously and forcibly did attempt to ravish and unlawfully and carnally know the said Emily Johnson, against her will, who was then and there a woman of the age of ten years and upwards, contrary," &c.

The reasons assigned in the motion to arrest are, 1st, because the indictment does not describe any offence known to the law; 2d, the indictment does not allege any intent to the assault therein set forth; 3d, said indictment does not charge that any act was done towards the commission of the offence therein described; 4th, because said indictment does not charge that defendant failed to perpetrate the offence therein described; 5th, said indictment does not follow the words of the statute.

The indictment in this case is founded either on section 37 of article 2 of act concerning crimes and punishments, or on section 1 of article 9 of same act. (R. C. 1845, p. 350, 408.) The 37th section of article 2 declares that " Every person who shall be convicted of an assault *with intent* to commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished," &c. Under this section it is necessary to aver the intent with which the assault was made ; it is the *intent* which mainly constitutes the offence. It is a material and necessary part of the description of the offence ; and without the intent with which the assault was made be averred and laid in the indictment, it is not good and sufficient under this section. The indictment in this case does not charge that the assault was made with any intent. It charges that the defendant did feloniously make an assault, and that the defendant did feloniously and forcibly attempt to ravish and carnally know, &c. ; but it does not charge that the defendant feloniously made the assault *with intent* to ravish and carnally know, &c. It does not charge that the defendant made the assault feloniously, with intent to commit a rape, &c. The indictment leaves out an important ingredient necessary to make the assault constitute the offence in this section of the act. It is a necessary descriptive part of the offence. It becomes therefore material, and can not be dispensed with.

Although it is not in general necessary to an indictment for a statutable offence to follow the exact wording of the statute, and it is sufficient if the offence be set forth with substantial accuracy and certainty to a reasonable intendment, yet words which enter into the description of the offence and constitute the specific offence can not be dispensed with. Where they are descriptive of the offence, they must be used. The law in such cases allows of no substitute, because no other words are exactly descriptive of the offence. (2 Gall. 18.) Now it is necessary, under this 37th section, to aver *the intention* with which the assault was made. Words show-

28—VOL. XXV.

ing that intention are unimportant, for no particular words are used in this section; but the assault must be charged to have been made *with intent* to do the deed or act prohibited; otherwise the assault is not embraced within this section.

This offence is not included in the 1st section of the 9th article of the act, because that section embraces offences where no provision is made by law for the punishment of such attempts. This offence, if the indictment had properly charged it, could have been punished under section 37 of article 2.

Although this court overrules all mere technical defects, niceties which had grown to be a blemish and inconvenience in the law, in order that the great ends of society may not be defeated in the punishment of those who offend against its regulations, yet we can not disregard substantial defects. It appears strange to us why the circuit attorneys should so often leave out the descriptive words in the offences created by our statutes and resort to others. This defendant was convicted of an act which calls aloud for punishment, and it is with much reluctance that we feel compelled to send this case back. But we must look to the law and decide according to its mandates. Judge Scott concurring, the judgment will be reversed, and cause remanded.