# McNair v. The State.

### *Burglary with Intent to Commit Rape.*

1. *Rape; what necessary ingredient of.*—It is settled by a uniform current of decisions, in this and other States, that without force, either actual or constructive, there can be no rape.

2. *Charge to jury; what improper.*—Upon a trial for breaking and enter-ing a dwelling house, with intent to commit a rape, a charge authorizing a conviction, if the defendant made the breaking and entry with intent to gratify his passions upon a female, "either by force or by surprise, and against her consent," is erroneous. It would authorize a conviction although no force, actual or constructive, was used.

APPEAL from Circuit Court of Pike.

Tried before Hon. JAMES E. COBB.

The appellant, a boy about fourteen years old, was tried and convicted of breaking and entering a dwelling house, with intent to commit a rape. The evidence showed that he, while in a naked condition, broke into the room where the female, alleged to have been assaulted, was sleeping; that the female was aroused by feeling the bed jar, and upon drawing up her foot it came in contact with the defendant; that when the alarm was made defendant fled. The de-fendant proved that "about one week prior to the alleged assault he entered the room where the girl was sleeping, raised her clothes and placed his hand about the middle of her person, and upon her screaming, ran out; and that he

[McNair *v.* The State.]

was not reproached about this by any one." This was all the evidence, and the court, among other things, charged the jury, that "if defendant broke into and entered the house with intent upon his part to gratify his passion upon the person of the female, either by force or by surprise, and against her consent, then he is guilty as charged." Defendant excepted to this charge.

Neither the record nor docket shows that any counsel appeared for the appellant.

Attorney General SANFORD and W. D. WOOD appeared for the State.

MANNING, J.—In *Lewis* v. *The State* (30 Ala. 54), decided in 1857, a prosecution of a negro slave for rape, or attempt to commit rape, by personating the husband of a married white woman, and so effecting, or endeavoring to effect, illicit sexual intercourse with her, this court said: "It is settled by a chain of adjudications, too long and unbroken to be now shaken, that force is a necessary ingredient in the crime of rape. The only relaxation of this rule is that this force may be constructive. Under this relaxation it has been held, that where the female was an idiot, or had been rendered insensible by the use of drugs or intoxicating drinks, . . . . . . she was incapable of consenting, and the law implied force;" in support of which propositions authorities were cited. And it was further held that where the sexual intercourse was had with the consent of the woman, "although that consent was procured by fraudulent personation of her husband, there was neither actual nor constructive force, and such act does not amount to the crime of rape."

It is not easy to conceive of a case in which an act of this sort could be more properly said to have been accomplished by "surprise." Yet it was decided, as we have seen, that it would not amount to a rape, and further, that if unsuccessful the offender would not be guilty of an attempt to commit a rape, if he did not intend to overpower the woman by force, if necessary. (This decision led to enactments to meet such a case).

The offender in the case before us was a youth fourteen and one-half years old, and the female was a girl of about the same age. She was in bed in the same room in which three or four of her sisters were also sleeping. Defendant, through a window that was nailed up, broke into and entered the room, about two hours after midnight. Being

[McNair v. The State.]

aroused by his jarring against her bed, and her foot being brought into contact with his naked person, she screamed and alarmed the household, and he escaped through the window. The indictment against him was for breaking into and entering a dwelling house with intent to commit rape, and (in a separate count) with intent to commit a felony. The breaking into and entering were clearly proved; and the court charged the jury, among other things, that if this was done "with the intent upon his part to gratify his passion upon the person of the female, either by force *or by surprise,* and against her consent, then he is guilty as charged" in the count alleging the intent to commit a rape.

According to the reasoning in *Lewis* v. *The State,* it cannot be maintained that this charge was correct. It plainly implies that the crime of rape may be committed without force, either actual or constructive; whereas, not only has it always been held that there must be force, but the short forms of indictment, in which nothing is contained that was not held to be essential, prescribed by the Code of this State for that crime, and the assault with intent to commit it, expressly use the word *forcibly,* as necessary in describing those offenses. R. C. 808, 809, forms Nos. 7 and 15.

The very question presented by this record has been decided in other States, in cases of greater aggravation, and in which the parties accused were negroes, and the females white persons. In *Charles* v. *The State* (6 Eng. Ark. 389), the testimony of the principal witness, a Miss Combs, was: "That about 4 o'clock in the morning, as she was lying asleep with four other little girls, she was awoke by some one who took hold of her by the shoulders and tried to turn her over; that she was lying with her face towards the other girls; that he made an effort to get over her; that she threw out her hand and discovered the person to be a man and partly undressed; that she then raised the alarm and called for help," &c. The judge who delivered the opinion of the court says: "In the case of *Rex* v. *Williams* (32 Eng. Com. L. R. 524), it was held that in order to find a prisoner guilty of an assault with intent to commit a rape, the jury must be satisfied that the prisoner, when he laid hold of the prosecutrix, not only desired to gratify his passion upon her person, but that he intended to do so at all events, and notwithstanding any resistance on her part. In the case of *Comm.* v. *Fields,* a free negro (4 Leigh, 648), which was an indictment for an attempt to ravish a white woman, the jury found a special verdict—that the prisoner did not intend to have carnal knowledge of the female as charged in the indictment,

[McIver *v.* Robinson.]

by force, but that he intended to have such carnal knowledge of her when she was asleep, and made the attempt," &c., "but used no force except such as was incident to getting to bed with her, and stripping up her night-garment in which she was sleeping, which caused her to awake. Upon that state of facts the general court of Virginia was of opinion that he ought to have been acquitted." And upon these authorities the supreme court of Arkansas held that the negro Charles could not, upon the facts in the case before them, be found guilty of an assault with intent to commit rape.

The same court in a subsequent case (*Pleasant* v. *The State*, 13 Ark. 360), of a very aggravated assault by a slave upon a white woman, referring to the case of *Charles* v. *The State, supra,* and commenting on the nature of the crime, say : "The better authority would seem to be, that if the man accomplish his purpose by fraud, as where the woman supposed he is her husband, or obtained possession of her person *by surprise, without intending to use force,* it is not rape, because one of the essential ingredients of this offense is wanting. So, where force is used, but the assailant desists upon resistance being made by the woman, and not because of an interruption, it cannot be said that it was his intention to commit rape."

The charge of the court in the cause now before us was not in consonance with the almost uniform current of decisions in respect to the using or purpose to use force by the accused, in accomplishing the gratification of his passions in such a case, and was, therefore, erroneous.

The judgment is reversed and the cause remanded; but the prisoner must remain in custody until discharged by due course of law.