[No. 10,299.]
# THE PEOPLE v. W. W. ROYAL.

RAPE.—Force is a necessary element in the crime of rape. The employment of arts and devices, without violence, by which the moral nature of a female is corrupted so that she is no longer able to resist the temptation to yield to sexual desire is not sufficient to constitute rape.

SAME—SEDUCTION.—The testimony of medical experts in a trial for rape, as to the effect of indecent liberties upon the mind of the female, is inadmissible. Such acts are to be classed under the head of solicitation, and distinguish the crime of seduction from that of rape.

APPEAL from the County Court of Sonoma County.

The defendant was tried for the crime of rape, committed upon the person of a girl sixteen years of age. He was a practicing physician at Santa Rosa, and the girl was in the habit of visiting his wife. On one occasion, at about six o'clock in the evening, the defendant drove up in his buggy to the house where the girl was living, and invited her to go home with him. She assented, and during the drive the defendant practiced the "manipulation" mentioned in the opinion. Upon approaching his office, which was furnished with locks and lounges, he ceased the manipulation, assisted the girl to alight, and accompanied her up stairs into his office, where he had carnal intercourse with her. There was no evidence of force, but the girl testified that the defendant's lewd conduct during the drive made her feel so dull and stupid as to be unconscious of the nature of the act of carnal intercourse.

The defendant was found guilty of rape, and sentenced to fifteen years imprisonment. He moved for a new trial, which was denied, and he appealed. The other facts are stated in the opinion.

*J. B. Southard*, *E. D. Haw*, and *J. T. Campbell*, for Appellant, argued that force is a necessary element of the crime of rape, and that the evidence of solicitation was inadmissible.

*Barclay Henley* and *W. E. Turner*, for the People, argued that the mental condition of the girl was the most important element in determining the criminal character of the defend-

ant's acts; and as his manipulation was such as to overcome her power of resistance, he was as much guilty of rape as if he had overcome her by force.    .

By the COURT:

Against the objection of the defendant, the witness Smith was permitted to testify that in his opinion as a medical man the " manipulation " of the person of the prosecutrix on the same day while driving on the public road between Healdsburg and Santa Rosa, and before she accompanied defendant to his office, may have weakened her capacity to resist when the alleged rape was committed. The effect of such " manipulation " upon females, as explained by the witness, is ordinarily " to excite their passions to such an extent as to influence their judgment and mental condition." The expert adds: " If it excited no passion or gave no pleasure, it might affect the intellect or might not—might make some angry and might frighten others. Supposing it excites no passion at all and no pleasurable emotion, it *might have the effect to bewilder her.*"

The foregoing, and more of the same kind of testimony appearing in the record, was inadmissible. The common-law Judges recognized no such refinement, but referred all improper caresses and indecent liberties to the head of *solicitation.* The homely sense of our ancestors distinguished without difficulty between the *force* which constitutes rape and the blandishments of the seducer.

If such testimony was admissible at all, the jury were authorized to regard it as *evidence* which made *less resistance* sufficient than would in their opinion have been sufficient, but for the testimony in respect to the effect of the alleged manipulation. That the evidence may have influenced the verdict cannot be disputed, and the rule requires of us to reverse a judgment when improper evidence has been admitted, unless it clearly appears that the evidence erroneously admitted could not have had any effect on the action of the jury.

That the testimony of the medical witness did influence the verdict is made to appear the more distinctly by the *charge* of

the Court. Portions of the charge suggest to the jury the theory—or at least possibility—that the *will* of the prosecutrix and her capacity of resistance might have been destroyed by some occult influence proceeding from defendant; that her mind might have been " bewildered " or indeed " paralyzed " by some mysterious agency, entirely disconnected from any physical violence or threat of violence. There is no pretense that any drug or noxious substance was employed to render the prosecutrix unconscious, or to produce unsoundness of mind. The portions of the charge of the Court referred to, if they had application to any part of the evidence, could only have been understood by the jury as having application to such testimony as that given by the witness Smith ; and as an instruction that the law demands less resistance on the part of the female, when erotic passion has been aroused by the solicitation of a suitor, accompanied by improper familiarities, at a period when the amatory passion is supposed to be peculiarly active, than when no such ardent appeal or manipulation has preceded the alleged illicit intercourse.

For example, amongst other matters the Court charged : " If from all the evidence you are satisfied that on *or about* the time alleged, the defendant, *by manipulation, art, or device, or by other means*, so *bewildered* or overpowered the *mind and will* of this girl as to render her at the time *unconscious of the nature of the act of carnal intercourse*, or powerless to resist it, and under those circumstances he had carnal intercourse with her, he is guilty of rape."

Such language conveys the notion distinctly that *seduction* may be *rape ;* that the employment of any art or device by which the moral nature of a female is corrupted, so that she is no longer able to resist the temptation to yield to sexual desire, will render sufficient less proof of resistance than would otherwise be necessary ; that consent thus obtained is no consent. The proposition entirely overthrows the established law in respect to the offense with which the defendant is charged.

Judgment and order reversed, and cause remanded for a new trial.