# McQuirk *v.* The State.

### Indictment for Rape.

1. *Constituents of offense, force and consent.*—To constitute the crime of rape, it must be shown that the act was done with force, actual or constructive, and against the woman's consent, express or implied. If she was at the time unconscious, or. in a state of stupefaction, force is necessarily involved in the criminal act itself, and if she is idiotic, or the subject of mania, she is regarded as incapable of consenting; but the mere fact that she is weak-minded does not render her incapable of consenting.

2. *Same; conduct implying consent.*—Since the consent of the woman may be implied as well as express, a charge asserting that, "if her conduct towards the defendant, at the time of the alleged rape, was such as to create in his mind the honest and reasonable belief that she had consented, they must acquit the defendant," is a correct legal proposition, and its refusal is error.

3. *Proof of character of prosecutrix.*—The character of the prosecutrix for chasity, or the want of chastity, is relevant evidence as bearing on the question of consent; but the impeachment of her character in this respect must be confined to general evidence of her reputation, except that she may be interrogated as to her previous intercourse with the defendant.

APPEAL from Pike Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

Defendant McQuirk, on trial under an indictment for rape, requested the following charges, each of which was

refused by the court, and to such refusal, he excepted:

2. "If the jury have a reasonable doubt that the act was done with force, they must acquit the defendant although the prosecutrix is a woman of weak mind."

3. "If the jury have a reasonable doubt that the defendant did the act with or without the consent of the prosecutrix, although they may believe there was force used, and she was a woman of weak mind, they must acquit the defendant."

4. "If the jury believe from the evidence that the conduct of the prosecutrix was such toward defendant at the time of the alleged rape as to create in the mind of the defendant the honest and reasonable belief that she had consented or was willing for defendant to have connection with her they must acquit the defendant."

W. L. PARKS, and H. C. WILEY, for appellant.

T. N. McCLELLAN, Attorney General, *contra.*

SOMERVILLE, J.—The indictment, following the form authorized by statute (Crim. Code, 1886, p. 275, Form No. 69), charges that the defendant "forcibly ravished" the prosecutrix.

It is an essential constituent of the crime of rape that the act should be intended to be done with *force*, actual or constructive, and without the woman's consent. The forms of indictment in the Code, both for rape and for an assault with intent to ravish, each use the word *forcibly* as necessary in the description of these offenses, and at common law it was equally regarded as an essential element in the description of this high crime against law and morality.—*McNair v. State*, 53 Ala. 453; *Dawkins v. State*, 58 Ala. 376; 1 Whart. Cr. Law, (9th Ed.), § 562; *State v. Murphy*, 6 Ala. 765; *Lewis v. State*, 30 Ala. 54; *Waller v. State*, 40 Ala. 325.

It is true that the element of force need not be actual, but may be constructive or implied. If the woman is mentally unconscious from drink, or sleep, or from other cause is in a state of stupefaction, so that the act of the unlawful carnal knowledge on the part of the man was committed without her conscious and voluntary permission, the idea of force is necessarily involved in the wrongful act itself—the act of penetration. But even in cases of this kind the in-

tent to use force, if necessary to accomplish the offense, is essential to criminality.—1 Whart. Cr. Law, (9th Ed.) § 550.

An acquiescence obtained by duress, or fear of personal violence, will avail nothing, the law regarding such submission as no consent at all. If the mind of the woman is overpowered by a display of physical force, through threats, expressed or implied, or otherwise, or she ceases resistance through fear of great harm, the consummation of unlawful intercourse by the man would be rape.—1 Whart. Cr. Law, § 557; 2 Bishop Cr. Law, (7th Ed.), § 1125; 3 Greenl. Ev,. (14th Ed.), § 211.

The mere fact that a woman is weak minded does not disable or debar her from consenting to the act. It has been said that a woman with a less degree of intelligence than is requisite to make a contract may consent to carnal connection, so that the act will not be rape in the man, but "if she is so idiotic as to be absolutely incapable of consent, the connection with her is rape."—2 Bishop Cr. Law, § 1121. The principle, as expressed by another high authority, is that "carnal intercourse with a woman, incapable, from mental disease (whether that disease be idiocy or mania) of giving consent, is rape."—1 Whart. Cr. Law, § 560.

The evidence tends to show that the prosecutrix was weak minded merely, not that she was idiotic, or so *non compos* as to be incapable of giving consent to the act of carnal connection with the defendant. In view of this fact, and the principles above announced, we are of opinion that the Circuit Court erred in refusing the second and third charges requested by the defendant.

The fourth charge requested by the defendant should also have been given. The consent given by the prosecutrix may have been implied as well as express, and the defendant would be justified in assuming the existence of such consent if the conduct of the prosecutrix towards him at the time of the occurence was of such a nature as to create in his mind the honest and reasonable belief that she had consented by yielding her will freely to the commission of the act. Any resistance on the woman's part falling short of this measure would be insufficient to overcome the implication of consent.

The circumstances under which it is permissible to prove the details of a complaint by a prosecutrix, as to an alleged rape, are fully discussed in *Barnett v. State*, 83 Ala. 40; and *Griffin v. State*, 76 Ala. 29; and the principles there an-

nounced will be a sufficient guide for the court on another trial.

That the prosecutrix was a woman of chaste or unchaste character was perfectly competent evidence, under all the authorities, as bearing on the probability or improbability of her consent to the alleged act of intercourse with the defendant. The impeachment of her character in this particular must, however, be confined to general evidence of her reputation. Particular instances of her unchasity can not be proved for this purpose, except that she may be interrogated as to her previous intercourse with the prisoner, although not as to particular instances with third persons.—3 Greenl. Ev. (14th Ed.) § 214; 1 Whart. Cr. Ev. (9th Ed.) § 568; *Boddie v. State*, 52 Ala. 395.

We discover no other errors in the record than those above pointed out.

The judgment is reversed and the cause remanded. The prisoner will, in the mean while, be retained in custody until discharged by due process of law.