[Criminal No. 161.   Filed March 18, 1902.]

[68 Pac. 555.]

## W. F. DOWNING, Defendant and Appellant, v. UNITED STATES OF AMERICA, Plaintiff and Respondent.

1. CRIMINAL LAW—ATTEMPT TO ROB MAILS— INDICTMENT—INTENT— SUFFICIENCY—DEFECT OF FORM—CURED BY VERDICT—REV. STATS. U. S., SEC. 5473, AND REV. STATS. ARIZ. 1887, PAR. 1467, CITED AND CONSTRUED.—Section 5473, *supra*, provides that "Any person who shall attempt to rob the mail by assaulting the person having custody thereof, by shooting at him . . . or threatening him with dangerous weapons, and shall not effect such robbery, shall be punishable," etc.   Paragraph 1467, *supra*, provides: "No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon its merits."   The indictment charged that defendant "did unlawfully, willfully, and feloniously attempt to rob the United States mail, . . . by then and there assaulting [the custodian] with a dangerous weapon and threatening to kill [said custodian]."   The court instructed the jury that the attempt must have been made with an intent to steal, before they could find the defendant guilty. *Held*, that although the indictment might have been held insufficient on demurrer in not alleging the intent with sufficient clearness, yet such insufficiency was a defect of form within paragraph 1467, and cured by verdict.

APPEAL from a judgment of the District Court of the First Judicial District of the Territory of Arizona.   George R. Davis, Judge.   Affirmed.

The facts are stated in the opinion.

Baker & Bennett, for Appellant.

Robert E. Morrison and Frederick S. Nave, United States Attorneys, for Respondent.

STREET, C. J.—The appellant, William Downing, was indicted, with others, under section 5473 of the Revised Statutes of the United States, which reads: "Any person who shall attempt to rob the mail by assaulting the person having custody thereof, by shooting at him or his horse, or threaten-

ing him with dangerous weapons, and shall not effect such robbery, shall be punishable by imprisonment at hard labor for not less than two years and not more than ten years.'' The charging part of the indictment, with which we shall have to deal, uses the following language: '`Did unlawfully, willfully, and feloniously attempt to rob the United States mail then and there consisting of letters, . . . then and there in the custody of one C. R. McEwen, . . . by then and there assaulting the said C. R. McEwen with a dangerous weapon, to wit, a revolver, then and there loaded and charged with gunpowder and leaden bullet, and threatening to kill him, the said C. R. McEwen; the said defendants then and there not effecting the robbery of the said mail.'' No demurrer was interposed to the indictment. The defendant pleaded not guilty, was tried, convicted, and sentenced to imprisonment. Before judgment, defendant made a motion for a new trial, and also moved in arrest of judgment, both of which motions were overruled by the court; and the appellant assigns as error that the court erred in overruling defendant's motion in arrest of judgment, for the reason that the facts stated in the indictment do not constitute a public offense, and for the further reason that the facts stated in the indictment are insufficient to support the judgment.

It is argued that the indictment is insufficient, inasmuch as only the overt act is pleaded, without the intent being alleged. Webster gives as the definition for ''attempt'': ''To make an effort to effect some object; to make trial or experiment; to try; to endeavor; to use exertion for any purpose; to attack; to make an effort upon.'' ''Robbery'' is defined by the Revised Statutes of Arizona of 1887 to be ''the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.'' The skeleton of the indictment is, ''Did attempt to rob the mail by assaulting the person.'' 1 Wharton on Criminal Law, section 190, says: ''No doubt it is enough to charge that A did make an assault on B. But the reason is that 'assault' is a term which describes an act easily defined, which asserts a consummated offense, and which is always indictable, no matter in what sense the term may be used. But 'attempt' is a term peculiarly indefinite. It has no prescribable legal meaning. It

relates, from its nature, to an unconsummated offense. It covers acts, some of which are indictable and some of which are not." It is argued by the appellant that the indictment does not make allegation that the assault was made with an intent to rob the United States mail; that the indictment but sets forth the offense in the statutory language; and that there must be not only the allegation of the overt act, but also the allegation of evil intent. Upon this point Wharton (par. 192) says: "It is a familiar principle of criminal pleading that, when an act is only indictable under certain conditions, then these conditions must be stated in the indictment, in order to show that the act is indictable. Nor does it make any difference that the offense is made so by statute. Thus, statutes make indictable revolts, and obtaining goods by false pretense; yet an indictment charging simply that the defendant made a revolt or obtained goods under false pretenses would be scouted out of court. On the same reasoning, in an indictment for an attempt to commit a crime it is essential to aver that the defendant did some act, which, directed by a particular intent, to be averred, would have apparently resulted, in the ordinary and likely course of things, in a particular crime." Appellant also cites the case of *United States* v. *Carll,* 105 U. S. 611, 26 L. Ed. 1135, to prove the correctness of his theory; and that report, as well as the extract from Wharton, above quoted, supports his contention. "In an indictment upon a statute it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished; and the fact that the statute in question, read in the light of common law and of other statutes on a like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent." The case of *State* v. *Lung,* 21 Nev. 209, 28 Pac. 235, 37 Am. St. Rep. 505, also supports appellant's contention. That was a prosecution for an assault with intent to rape, and objection was raised to the indictment that it did not sufficiently describe the elements of the overt act. The court in that case said: "The overt act which constitutes an attempt must be one which manifests

an intention to commit the crime. A man's intentions must be judged by his acts. In attempts his act must have been one which, under all the circumstances, manifests an intention to commit that particular offense. . . . There is no direct allegation that this was done with intent to commit rape. It is argued, however, that as it is alleged that it was done in an attempt to commit rape, and attempt necessarily includes an intent to commit the crime, it follows that the intent is sufficiently stated. At the best, this is merely an argumentative statement of the fact, which is not permissible in an indictment.'' In the case of *United States* v. *Cruikshank*, 92 U. S. 542, 23 L. Ed. 588, it is said: ''It is an elementary principle of criminal pleading that, where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species; it must descend to particulars.'' In *United States* v. *Hess*, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516, it is said: ''In an indictment for committing an offense against a statute the offense may be described in the general language of the act, but the description must be accompanied by a statement of all the particulars essential to constitute the offense or crime, and to acquaint the accused with what he must meet on trial.'' The whole matter seems to be summed up in volume 3 of the Encyclopedia of Pleading and Practice (p. 98), where it is said, ''Indictments for attempts to commit crimes must aver the intent and the overt act constituting the attempt,'' and then cites, under that averment, many cases from various states. Now, the very particular and essential element of the attempt which the appellant is accused of making is the intent with which it is done. It is the substance of the thing, just as much as the overt act itself; and we agree with appellant that, if the language in the charging part of the indictment was limited to the language of the statute, there would be an essential element of substance left out,—the element of intent. The intent is not so closely linked with the assault, which is but the means of the attempt, as to make it necessary that the assault was made with the intent; but the intent is so closely linked with the attempt in substance that it is necessary to allege that the attempt was done with the intent. If the stat-

ute was in terms so that it made punishable one who made an assault with an intent to rob the mail, not only the overt act of the assault would have to be alleged, but also there would have to be the allegation of the intent of the assault. The statute, however, under which this indictment is drawn, only speaks of the assault as one of the instruments or means of attempt. In that statute there are two means or instruments mentioned,—one, by assaulting the person; and the other by threatening him with dangerous weapons. This indictment uses the language, ''Did unlawfully, willfully, and feloniously attempt to rob the United States mail,'' etc., and it is for us to determine whether, in the use of the language ''willfully attempt,'' there has been such an allegation of substance as would reduce the defects of the indictment to a defect of form, instead of a defect of substance. We have no hesitation in saying that, if the indictment had been attacked by demurrer, a demurrer could have properly been sustained against such allegation. We take it to be the rule that, where a defect is one of form, and not of substance, it is cured by verdict. Paragraph 1467 of the Revised Statutes of Arizona of 1887 provides: ''No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon its merits.'' The legal definition of ''willfully,'' as given by the Bouvier Law Dictionary, is ''intentional.'' So we have the indictment to read, ''Did unlawfully, willfully [intentionally], and feloniously attempt to rob the United States mail,''—defective in form, possibly, but good in sufficiency of substance of the necessary averments in the indictment to protect a judgment after plea and trial, however much it might have been open to objection by demurrer; the question for us to solve being, not whether it is bad on demurrer, but whether it is good after verdict. We have authority for holding that it is good after verdict in the case of *Rosen* v. *United States,* 161 U. S. 29, 16 Sup. Ct. 434, 40 L. Ed. 606. In that case the defendant was indicted under the provisions of the statute making it unlawful to deposit obscene literature in the United States mails. The defendant pleaded guilty, without demurrer, and after verdict of guilty moved the court in arrest of judgment

upon the ground that the indictment did not charge that he knew at the time what were the contents of the paper deposited in the mail and alleged to be lewd, obscene, and lascivious. The court said: "Undoubtedly the mere depositing in the mail of a written paper or other publication of an obscene, lewd, or lascivious character is not an offense under the statute if the person making the deposit was at the time, and in good faith, without knowledge, information, or notice of its contents. The indictment would have been in better form if it had more distinctly charged that the accused was aware of its character. But this defect should be regarded after verdict, and under the circumstances attending the trial, as one of form, under section 1025 of the Revised Statutes, providing that the proceedings on an indictment found by a grand jury in any district court or other court of the United States shall not be affected 'by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.' " That indictment contained the words "unlawfully, willfully, and knowingly deposited and caused to be deposited in the post office," etc., but did not make any charge that he knew what was in the matter so deposited. The court said: "In their ordinary acceptation, the words 'unlawfully, willfully, and knowingly,' when applied to an act or thing done, import knowledge of the act or thing so done, as well as an evil intent or bad purpose in doing such thing; and when used in an indictment in connection with the charge of having deposited in the mails an obscene, lewd, and lascivious paper, contrary to the statute in such case made and provided, should not have been construed as applying to the mere depositing in the mail of a paper, the contents of which at the time were wholly unknown to the person depositing it. The case is therefore not one of the total omission from the indictment of an essential averment, but at most one of an inaccurate or imperfect statement of a fact; and such statement, after verdict, may be taken in the broadest sense authorized by the words used, even if it be adverse to the accused." So in this case we must hold that when the indictment used the language that the defendant "willfully made an attempt to rob the United States mail" there was not a total omission from the indictment of the essential averment of intent, even though it should be neces-

sary to connect the intent with the assault. It is an inaccurate or imperfect statement of a fact, which reduces the defect in the indictment to a defect in form instead of substance, which cannot be taken advantage of after verdict by motion in arrest of judgment.

The court, in its instructions to the jury, charged them specifically that the attempt must have been made with an intent to steal, before they could find the defendant guilty; and further charged them, in reference to the specific intent of the assault, as follows: "I charge you, gentlemen of the jury, that the assaulting of any person having the lawful custody of the United States mail, or threatening him with a dangerous weapon, with intent then and there to rob the mail or to forcibly take it from the possession of such person, such robbery not being completed or effected, constitutes the crime of an attempt to rob the mail, charged in this indictment." Appellant must have understood from the words of the indictment, and the jury must have been fully aware, that the government sought a conviction only in the event that the defendant made the attempt to rob the mail, with evil intent of robbery.

This disposes of the main contention of the appellant. He has assigned as error some instructions given and refused, but, as far as we are able to determine, not having the evidence before us, we cannot see wherein the district court committed error.

The judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.