33  429<br>100  275

CARTER *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Charge invading province of jury.*—A charge to the jury, instructing them " that the testimony of a man who was asleep a part of the time, and who contradicted another witness on the question of the defendant's playing, should have no weight with them," is an invasion of the province of the jury.

2. *Same.*—A charge which makes the defendant's guilt or innocence depend on what one witness *proved*, instead of facts to be found by the jury from the whole evidence, is obnoxious to the same objection.

APPEAL from the Circuit Court of Bibb.,
Tried before the Hon. PORTER KING.

"On the trial of this case," as the bill of exceptions states, "the State proved, by one Glass, that he, with the defendant and two other persons, played one or two games at cards, in the jail of said county, at the fall term of said court, 1856; and that they commenced dealing the cards for another game. The defendant introduced evidence tending to show that he did not play any game at that time and place, but sat down to play the game last spoken of by the witness Glass. One of said witnesses testified, that he did not see the defendant play at that time and place; and that he was there all the time, and fell into a doze of sleep. The defendant's evidence tended to show, that he sat down to play a game, and that the cards were being dealt out in order to play, when the sheriff came into the jail before the dealing was finished, and took up the cards, and threw them into the fire.

"On this evidence, which is the substance of all the proof in the case, the court charged the jury, 'that the dealing out of the cards was not playing at cards; but, if Glass proved that the defendant did play one or two games at the jail of the county of Bibb, within twelve months before the indictment was found, then he was guilty; and that the evidence of a man who was asleep a part of the time, and who had contradicted the witness Glass on the question of the defendant's playing, should have no weight with them;' to which charge the defendant excepted."

BYRD & MORGAN, for the appellant.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—That part of the charge which declares, "that the evidence of a man who was asleep a part of the time, who contradicted the witness Glass on the question of the playing of the defendant, should have no weight with" the jury, cannot be upheld. It was an invasion of the province of the jury, who are alone the judges of the credibility and weight of the evidence. This testimony may have been weak, but it was the defendant's right to have it weighed by the jury.—Corley v. The State, 28 Ala.

22; Brown v. Mayor of Mobile, 23 Ala. 722; Hair v. Little, 28 Ala. 236.

[2.] Another part of the charge is in the following language: "If Glass proved that the defendant did play one or two games at the jail of the county of Bibb, within twelve months before the indictment was found, then he was guilty." This language is probably objectionable in this, that it makes the guilt of the defendant depend on what Glass *proved*, when it should depend on *facts* to be found by the jury upon the whole evidence.

The judgment of the circuit court is reversed, and the cause remanded.