# Boddie *v.* The State. .

### Indictment for Rape.

1. *Certificate of clerk, on change of venue; what not essential to.* — It is not essential that the clerk's certificate appended to the transcript of the proceedings of the court from which the *venue*, in a criminal case, is changed, should be under his seal either public or private.

2. *Certified transcript, objection to; when should be made.* — Whether going to trial on an imperfect transcript is a waiver of its defects is not decided, but the court declares it safer to make the objection earlier.

3. *Rape; want of chastity of prosecutrix.* — It is competent in all prosecutions for rape to impeach the character of the prosecutrix for chastity; but this is usually done by evidence of her reputation in this respect, and not by proof of particular acts of unchastity.

4. *Same; conviction may be had on uncorroborated testimony of prosecutrix.* — Although a woman be of ill-fame for chastity she is still under the protection of the law, and there is no principle of law which forbids a conviction on her uncorroborated testimony alone, if the jury, after carefully weighing and scrutinizing it, are convinced of its truth.

5. *Charge; what erroneous* — A charge which assumes as proved a fact which is disputed, cannot be given without a palpable invasion of the province of the jury and is always rightly refused.

6. *Same.* — The refusal of a charge that "arguments and fancies of counsel are not law" cannot be revised on error, unless the record discloses the argument and fancies referred to.

APPEAL from Circuit Court of Colbert.

Tried before the Hon. W. B. WOOD.

The appellant, James Boddie, *alias* White, was indicted in the circuit court of Lauderdale for rape committed upon one Antilla Little. Upon his application the trial was transferred to the circuit court of Colbert county, in which court he was convicted and sentenced to be hanged.

The bill of exceptions recites that " on the trial the State

[Boddie v. State.]

introduced the transcript of the proceedings in said cause had in the circuit court of the county of Lauderdale, from which county the *venue* had been changed on a proper application, and the defendant objected to the introduction of said transcript as evidence, on the ground that it was not properly and legally certified and authenticated." This objection was overruled, and the defendant excepted.

In the further progress of the trial the defence asked the prosecutrix, Antilla Little, " if she had ever said or told to Dosha Boddie that she, witness, had been delivered of a bastard child ? " The witness replied that she " had never told her any such thing, nor had any such conversation with said Dosha." Afterwards said Dosha was introduced as a witness, and asked if said Antilla Little had ever said anything to her about being delivered of a bastard child, to which she replied that said " Antilla Little did tell her that she had been delivered of an abortion, and that she wrapped it in a breakfast shawl and threw it into John M. Wilson's mill-pond." This proof was allowed to go to the jury for the purpose of affecting the credit of said witness for truth and veracity. There was no other proof as to the chastity of said witness or in reference to her character for truth or chastity.

The bill of exceptions does not purport to set out all the evidence, nor does it state that these two witnesses were all that were examined on the trial ; and the foregoing is the substance of all the testimony set out in the bill of exceptions.

The defendant asked two written charges which were refused, and the defendant duly excepted. The first charge was " that the uncorroborated testimony of the prosecutrix in this cause is not sufficient to convict the defendant, when it is shown that prosecutrix was delivered of a bastard child [here follows a word that cannot be deciphered. — Rep.], and that she wrapped her breakfast shawl around it, and threw her aborted babe in Wilson's mill-pond." The second charge was an instruction to the jury, that the " argument of attorneys and their fancies are neither evidence nor law."

The refusal to give the charges requested, and the admission of the certified transcript in evidence, are now assigned as error.

CLARK & HARRIS, for appellant. — Under the facts of this case the jury was not authorized to convict on the uncorroborated testimony of the prosecutrix. *The People* v. *Hulse*, 3 Hill, 309 ; *Leoni* v. *The State*, 44 Ala. 110. The first charge asked should therefore have been given. The second charge was necessary to prevent the jury being misled, and should not have been refused.

JOHN W. A. SANFORD, Attorney General, *contra.*— Error cannot be presumed; it must be shown. 34 Ala. 716. The first charge asked invaded the province of the jury, besides asserting an incorrect proposition of law. 31 Ala. 145. There is nothing in the record to show what the " argument and fancies of counsel " were; and hence this court cannot say that there was error in refusing the charge. The certified transcript showed a literal compliance with the statute.

BRICKELL, C. J.— The indictment was preferred in the circuit court of Lauderdale county, and on the application of the defendant the trial was removed to the circuit court of Colbert. On the trial in that court, the defendant objected to the introduction of the transcript from the circuit court of Lauderdale, because it was not legally and properly authenticated and certified. The objection was general, not specifying in what respect the certificate, or authentication of the transcript, was defective. In *Bramlette* v. *State* (31 Ala. 380), it is said it must be conceded that when the *venue* in a criminal case is changed, the defendant may raise the question of the sufficiency of the transcript certified from the court in which the indictment was found. If the transcript does not substantially conform to the requirements of the statute, he should not be forced to trial, because there will be wanting in the court trying the prisoner sufficient record evidence of the jurisdiction of the court. The court is careful to say the transcript does not create, but is simply evidence of the fact of jurisdiction. Objections to its sufficiency should more properly be made before entering on the trial, and not reserved until the trial has been entered upon. Without affirming that they may not be made on the trial, we merely suggest that they had better be made earlier. There is much force in the argument that by going to trial without objection on an imperfect transcript, its imperfections are waived.

The statute requires, when an order for a change of *venue* in a criminal case is made, that the clerk must make out a transcript of all the entries, orders, and proceedings in the case, including the organization of the grand jury, the indictment, the indorsements thereon, all the entries relating thereto, the undertakings or recognizances of the defendant, all the orders and judgments thereon, and the order for the removal of the trial, and must attach his certificate thereto. R. C. § 4209. We have carefully examined the transcript as it is embodied in the record, and cannot discover that from it is omitted anything the statute requires it to contain. The assembling and organization of the court — the venire for the grand jury, its execution and return — the organization of the grand jury, their finding and

return of the indictment — the indictment, with the indorsements thereon — the arraignment and plea of the defendant — the setting a day for his trial — the order for the summoning of jurors for his trial, a list of whom was directed to be served on him, with a copy of the indictment — his appearance on the day set for trial, and making application for a change of *venue*, which was granted, and the order of the court for the removal of the trial to Colbert county, are incorporated in the transcript. The certificate of the clerk declares that it is " a full and complete transcript of the records and proceedings of said circuit court." The transcript and certificate conform substantially, if not literally, to the requirements of the statute, and the defendant was properly held to trial on it. The only objection made to it in this court is, that the certificate is not under the seal of the court. The record does not sustain the objection. The certificate closes, " In witness whereof I have hereunto set my hand, and fixed the seal of this court at office, this 19th day of March, 1875," and is signed by the clerk in his official capacity. If the fact was as supposed by the objection, it would not render the certificate defective. In *Bishop* v. *State* (30 Ala. 34), it was held, that it is not necessary the certificate should be under the seal, either private or official, of the clerk.

The evidence of the declaration of the prosecutrix to the witness, that she had borne a bastard child, and destroyed it, was received without objection; we are not required to express any opinion on its admissibility. It is certainly competent in all prosecutions for rape, to impeach the character of the prosetrix for chastity. This is usually done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. 3 Green. Ev. 214; 2 Whart. Cr. Law, § 1151; 1 Leading Cr. Cases, 228. Her known want of chastity may create a presumption that her testimony is false or feigned. Whether it creates such presumption, the jury must determine from all the evidence. She may be of ill-fame for chastity, but she is still under the protection of the law, and not subject to a forced violation of her person, for the gratification of the propensities of the man who has strength to overpower her. No principle of law forbids a conviction on her uncorroborated testimony, though she is wanting in chastity, if the jury are satisfied of its truth. Her testimony should be cautiously scrutinized, and court and jury should diligently guard themselves from the undue influence of the sympathy in her behalf which the accusation is apt to excite. If she did not conceal, but immediately discovered the offence, and the offender if known to her; if the place of its commission was such that if she made outcry, it would not probably be heard, and bring her assist-

ance and defence, — these and other circumstances should be considered by the jury. The manner in which she testifies — the consistency of her testimony — should also be carefully considered. If, viewed fairly and carefully, the jury are satisfied of the truth of her evidence, it needs no corroboration from other witnesses to support a conviction. The first charge requested by the appellant does not assert a correct legal proposition, and was properly refused.

Besides, it is a most palpable invasion of the province of the jury. It assumes as proved the fact, which the prosecutrix had denied most positively. True, she was contradicted by one witness, but who can affirm the jury did not, and would not credit the prosecutrix, rather than the witness contradicting her? If the manner in which the witnesses testified, and their whole demeanor and deportment were such as to impress the jury with a higher opinion of the credibility of the prosecutrix than of the witness contradicting, it was their duty to accord it to her. This charge absolves them from this duty, and commands them to accept as indisputably proved the very fact as to which the evidence was in conflict. Our reports abound with decisions declaring that a charge, assuming as proved a disputed fact, invades the province of the jury, and should be refused. *Corley* v. *State*, 28 Ala. 22; *Carter* v. *State*, 33 Ala. 429; *Skains & Lewis* v. *State*, 21 Ala. 218.

In no case, criminal or civil, can an appellate court indulge presumptions adverse to the correctness of the rulings of the primary court. The presumptions which are indulged are in support of judgments. Whatever else may be said of the remaining charge requested by the appellant, whether in any case it would be proper, it is certain, so far as we can ascertain from the bill of exceptions, it was not necessary or warranted by any circumstances attending the trial. The argument or fancies of counsel, against which it is directed, are not disclosed, and we cannot say they were such as required to be met and counteracted by the charge. The court may have refused it, because it was wholly impertinent, and not called for by the course counsel had pursued in the argument of the cause. This presumption we must indulge in support of the judgment, rather than the adverse presumption that the argument of counsel deserved the censure implied in the charge; and that the court had so far disregarded its duty, as to suffer the jury to be impressed, if it was possible so to impress them, with the conviction that they were to accept the arguments of counsel as law, and their fancies as facts. How far the court should either by a charge to the jury, or the interruption of the argument of counsel, interfere with the mode of argument pursued, rests in a large degree in the sound discretion of the

court. It is only in a clear case that injury has resulted from the interference of the court, or a refusal to interfere, that an appellate court would feel authorized to disturb its rulings on this matter. When counsel either deliberately, or in the excitement which trials before a jury generate, especially of serious criminal accusations, depart from the line of legitimate argument, or pervert, or misstate the evidence, or introduce matters of which there is no evidence, and which may induce unfair impressions, or unjust conclusions in the minds of the jury, the court has power to interfere. Whether the wrong shall be immediately met, and the counsel confined to a legitimate line of argument, or corrected by specific charges to the jury, the court must determine.

We find in this record no error warranting a reversal, and the judgment must be affirmed. The sentence of conviction pronounced by the circuit court, having been suspended that the case might be here reviewed, and the day of execution fixed by that sentence having passed, it is the duty of this court under the statute (R. C. § 4314) to specify the day for the execution of the sentence. It is therefore ordered and adjudged that the prisoner, James Boddie, *alias* James White, be executed by the sheriff of Colbert county, in the manner prescribed by law, on Friday, September the 17th, 1875, between the hours of ten o'clock A. M., and four o'clock P. M.; of that day, by being hanged by the neck until he is dead.

