# Griffin *v.* The State.

## *Rape.*

(Decided April 23rd, 1908.  46 So. Rep. 481.)

1. *Rape; Evidence; Admissibility*—Evidence that after prosecutrix got away from defendant she ran to where her father was working, and that defendant went to her house and left upon the porch the stick with which he had hit her, and the finding of the stick there, was competent.

2. *Same; Character of Prosecutrix.*—There being at the time no evidence tending to show consent on part of the prosecutrix to have intercourse, it was premature and illegal to permit prosecutrix to testify that she had never had intercourse with any one before defendant ravished her.

3. *Witnesses; Cross-Examination; Scope.*—The prosecutrix having been allowed to state that she had never had intercourse with any one before the alleged rape, it was competent to ask her on cross examination concerning intercourse with other men prior to the time of the alleged rape, but not subsequent thereto.

4. *Criminal Law; Evidence; Hearsay.*—A statement by a witness that he obtained information of defendant's whereabouts, and that he was at a tenant's house back near the swamp, was hearsay, and improperly admitted.

APPEAL from Dallas Circuit Court.
Heard before Hon. B. M. MILLER.
Frank Griffin was convicted of rape, and he appeals. Reversed and remanded.

A. N. PITTS, and W. R. SHAFER, for appellant. The court erred in sustaining objection to questions propounded by defendant to Florence Gardner.—*McQuirk v. The State,* 84 Ala. 435. The statement that I, obtained information that he was at a tenant's house back near the swamp, was purely hearsay.—*Amer. O. E. Co. v. Ryan,* 20 South. 644.

ALEXANDER M. GARBER, Attorney-General for the State.

DENSON, J.—From a judgment of conviction, and sentence to imprisoment in the penitentiary for a period of 15 years, for the crime of rape, this appeal was taken by the defendant.

The testimony for the state tends to show that on the 4th day of April, 1907 the defendant knocked the prosecutrix (Florence Gardner) down with a stick, and without her consent had sexual intercourse with her. The testimony for the defendant tends to show that, though defendant had intercourse with the prosecutrix, it was with her consent. The testimony of the prosecutrix showed that, after she got loose from the defendant, she ran to where her father was working, and the defendant went to her house and left the stick with which he struck her on the porch. The court committed no error in refusing to exclude this testimony. Neither was there

error in the rulings of the court in respect to the admissibility of the testimony of Lapsley Gardner in regard to finding the stick on the porch.

On her examination in chief the prosecutrix testified that she had never had intercourse with any man before the defendant ravished her; but at the time she so testified there was no evidence in the case tending to show consent on the part of the prosecutrix. In *McQuirk's Case,* 84 Ala. 435, 438, 4 South. 775, 776 5 Am. St. Rep. 381, it is said: "That the prosecutrix was a woman of chaste or unchaste character was perfectly competent evidence, under all the authorities, as bearing on the probability or improbability of her consent to the alleged act of intercourse with the defendant. The impeachment of her character in this particular must, however, be confined to general evidence of her reputation. Particular instances of her unchastity cannot be proved for this purpose, except that she can be interrogated as to her previous intercourse with the prisoner, although not to particular instances with third persons."—*Boddie's Case,* 52 Ala. 395, 398; Roscoe's Criminal Ev. § 881. In this view of the law, it must be conceded that the evidence of the procecutrix was not only premature, but in the form given was illegal. But it was injected into the case by the state without objection, and if the cross-examination had been confined to acts of intercourse by prosecutrix with other men prior to the alleged assault made on her by the defendant there could be no doubt of the defendant's right to such cross-examination, and doubtless the circuit judge would have recognized that right. But the questions asked on the cross included acts with third persons subsequent to the alleged assault by the defendant, and therefore went beyond the illegal evidence of the prosecutrix: "I have never had intercourse with any man until the defendant took it from

me." The prosecutrix's evidence being limited to acts before the assault, notwithstanding cross-examination in respect to such anterior acts would have been competent as impeaching that evidence, and she not having testified in respect to her conduct subsequent to the alleged assault, any evidence of particular acts subsequent would not have conflicted with her testimony, and to have allowed such would have violated the rule against proof of want of chastity by showing particular acts with third persons. The court properly sustained the solicitor's objection to the questions propounded to the prosecutrix, calling for evidence of particular acts subsequent to the alleged assault.—*McQuirk's Case, supra.*

Lapsley Gardner testified that the defendant was hiding out; that he and the sheriff could not find him. He was then asked by the solicitor, "Where was the defendant on the night he was arrested?" To the question he answered, "I obtained information that he was at a tenant's house back near the swamp." Clearly this answer is hearsay, and the refusal of the court to exclude it must work a reversal of the judgment of conviction.

It is unnecessary to consider the refusal of the court to exclude the argument made by the solicitor as it is hardly probable that the question will arise on another trial. For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON C. J., and HARALSON and SIMPSON, JJ., concur.