[Southern Railway Co. v. Carolina-Portland Cement Co.]

# Southern Railway Co. v. Carolina-Portland Cement Co.

## *Assumpsit.*

(Decided Feb. 2, 1911. Rehearing denied April 27, 1911.
55 South.   134.)

*New Trial; Evidence; On Appeal.*—Where the weight of the evidence against the verdict is so great as to convince the appellate court that the substantial ends of justice require the granting of a new trial, the ruling of the lower court denying a new trial will be reversed.

APPEAL from Jackson Circuit Court.

Heard before Hon. A. O. LANE.

Action by the Carolina Portland Cement Company against the Southern Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, motion for new trial granted, and cause remanded.

The evidence tended to show for the plaintiff that the car of cement was shipped from Charleston, S. C., to Talladega, Ala., consigned to the Southern Improvement Company, and was at that point delivered by the agent of the railroad company to W. S. White & Co., together with the price of cement. It appears from the testimony for the plaintiff that the Birmingham office made the sale, and that the cement stands on their books now charged to W. S. White & Co., and in the claim account it is charged against the Southern Railway Company. The evidence for the defendant tended to show that Timmons came to the office of the railroad company, accompanied by W. S. White, and was introduced to the agent of the railroad company as the agent of the Carolina Portland Cement Company, and that he directed that this particular car load of cement be delivered to W. S.

White & Co.; that the railroad agent demanded proof of his agency, and he exhibited several papers and letters showing that he was such agent, and thereupon he gave the railroad company orders to deliver the carload of cement to W. S. White & Co., and that White & Co. afterwards got the car and paid the freight on it. There was other evidence tending to show Timmons' agency.

WEATHERLY & STOKELY, for appellant. After a full discussion of the facts counsel conclude that the cause should be reversed for a failure of the trial court to grant a new trial.

J. B. GARBER, for appellee. Counsel discuss the facts and conclude that under the authority of *B. R. L. & P. Co. v Dennison,* 50, South 316, and *Cobb v. Malone,* 92 Ala. 630, and authorities there cited, that the action of the trial court in refusing to grant a new trial should not be disturbed.

McCLELLAN, J.—This action is for the value of a car of cement consigned by the appellee to the Southern Improvement Company, at Talladega, Ala., and delivered by the carrier, appellant, to W. S. White & Co. at that point. The defense below was that one Timmons, as appellee's authorized representative, diverted the delivery of the consignment from the consignee to W. S. White & Co., another customer of the appellee. The verdict was in favor of the appellee. The motion for new trial was overruled. This action is the basis of the only errors assigned.

Taking full account of the rule announced in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, firmly accepted for the guidance of this court in reviewing the action of trial courts in overruling motions for new trial, we feel constrained to hold in this case, after a careful considera-

[Satterfield v. Fidelity Mutual Life Insurance Company.]

tion of the whole evidence presented in the bill of exceptions, that the new trial should have been granted, upon the ground that the weight of the evidence against the verdict is so great as to convince this court that "the substantial ends of justice require the examination of the facts by another jury." A discussion of the evidence is purposely avoided, in view of the new trial to be had.

The motion for new trial is granted. The cause is remanded.

Reversed, rendered, and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.


