# Herndon *v.* The State.

## *Rape.*

(Decided June 15, 1911. 56 South. 85.)

1. *Jury; Peremptory Challenge; Right in Criminal Cases.* Under Acts 1909, p. 305, the right of peremptory challenge does not exist in a crimanal case, but such act does not affect the right of the State or the accused to challenge a juror for any cause of challenge existing under the law.

2. *Same; Empanelling; Qualifications; Challenge.*—Under section 32 Acts 1909, p. 305, the state or the accused may object to the placing on the regular venire, when being drawn by the court for the week, or while the court is passing upon the qualification of the jurors, of the name of any juror where cause for his chal-

[Herndon v. The State.]

lenge exists; and if the court places on the venire for the week the name of any juror to whom a proper challenge for cause is interposed, it constitutes reversible error, if injury thereby results to the accused.

3. *Same; Qualifications; Non-Resident.*—Although grounds for challenge by either state or accused, the fact that a juror is a non-resident of the county as a matter of challenge comes too late if not made until after the verdict is rendered.

4. *Same; Selecting; Presumptions.*—Where the order called for a venire of eighty-eight jurors, and a list of eighty-eight was served upon the defendant, fifty specials and thirty-eight regulars, and when the regular panel was made up only twenty-six were actually empaneled, eleven being excused for good cause shown, and the record being silent as to the twelfth man, the accused was not entitled to complain, for in view of the record, this court, on appeal, will presume that such juror was present on the day of the trial, and in passing upon his qualifications he was shown not to be qualified, or that his name was placed upon the venire; the mere fact that he was not empaneled and sworn for the week did not disqualify him from serving upon this case, as a juror.

5. *Appeal and Error; Discretion; New Trial.*—The granting or refusing of a new trial in a criminal case is within the irrevisable discretion of the trial court.

6. *Rape; Force; Acts Constituting.*—Carnal knowledge of a woman, with force and against her will, is rape; force overcoming her resistance being an indispensable element of the offense, unless she is an idiot or is subdued by fraud, or is overcome by drugs, drinks or their equivalent; acquiescence obtained through duress or by putting a woman in fear is sufficient force.

7. *Same; Resistance.*—While a woman assaulted by a man with intent to ravish her, may kill her assailant, she is not compelled to do so, and if the man accomplish his purpose by force and against her will, he is guilty of rape.

8. *Same; Evidence of Prosecutrix.*—It is competent to impeach the general character of prosecutrix for chastity, in a prosecution for rape.

9. *Same; Corroboration Sufficient.*—Where they believe beyond a reasonable doubt that the defendant is guilty as charged, a jury may convict upon the uncorroborated testimony of the prosecutrix for the offense of rape, although the general character of the prosecutrix for chastity and truth is bad.

10. *Witnesses; Impeachment; Veracity.*—In a prosecution for rape it is competent to impeach the general character of the prosecutrix for truth to affect her credibility as a witness.

11. *Charge of Court; Singling out Testimony.*—A charge containing a correct proposition of law, but singling out a particular portion of the evidence, may be refused without error.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

[Herndon v. The State.]

Frank Herndon was convicted of rape, and he appeals. Affirmed.

BRANNEN & BRANNEN, for appellant. Counsel insist that the court erred in several particulars in the empaneling and arrangement of the jury that tried his case, to his prejudice, and in support of these insistences cite; Acts 1909, page 305; *Jackson v. The State,* 171 Ala. The court erred in refusing to give charge 1. —*McQuirk v. The State,* 84 Ala. 435; *Dawkins v. The State,* 58 Ala. 278. The court erred in refusing charge 2.—*State v. Murphree,* 6 Ala. 765; *Jones v. The State,* 90 Ala. 629; *Dawkins v. State, supra.* The court erred in refusing charge 3.—*Griffin v. The State,* 155 Ala. 90; *Boddie v. The State,* 52 Ala. 398. Counsel discuss action of the court in refusing new trial, and in support thereof cite, *Tannehill v. The State,* 159 Ala. 52; *James v. The State,* 54 South. 494.

ROBERT C. BRICKELL, Attorney General, and WM. L. MARTIN, Assistant Attorney General, for the State. Where reasons for excusing a juror is not set out it will be presumed for proper cause.—*Sylvester v. The State,* 71 Ala. 24; *Farris v. The State,* 85 Ala. 1; *Plant v. The State,* 140 Ala. 52. The statute requires only those summoned.—*Floyd v. The State,* 55 Ala. 61; *Shelton v. The State,* 73 Ala. 5. The court did not err otherwise in the matter of the jury.—Acts 1909, p. 306. The charges were either argumentative or were covered by requested charges given.

DE GRAFFENRIED, J.—The defendant was indicted for rape, was tried and convicted, and was sentenced to the penitentiary for 10 years.

[Herndon v. The State.]

The undisputed evidence in the case shows that the prosecutrix was a woman whose reputation for chastity and for truth is bad, and while she testifies that defendant had sexual intercourse with her under circumstances constituting the crime of rape, and while her testimony is corroborated in some material particulars, the corroborative evidence, as well as the other evidence, tends strongly to show that, as a matter of fact, no rape was committed, but that the defendant had sexual intercourse with prosecutrix, on the occasion complained of, with her consent and without that necessary element of rape—force—either actual or legally implied. The evidence, however, presented a case for the consideration of the jury, and the only matters before us are the questions of law presented by the record.

The act approved August 31, 1909 (Acts 1909 [Sp. Sess.] p. 305), and known as the jury law, does not intend to affect, nor does it in any way affect, the right of the state or the defendant in a criminal case to challenge a juror for any cause of challenge existing under the laws of the state at the time of its adoption. While the right of peremptory challenge does not now exist in criminal cases, the right of challenge for cause remains undisturbed.

Section 32 of the act above referred to says, in express terms, that in all cases of misdemeanor, and in all cases of felony not punished capitally, the court shall require two lists of all the regular jurors for the week, who are competent to try the defendant, to be made, one for the solicitor and the other for the defendant, and from the lists thus made up the jury to try the case shall be chosen. In capital cases, the same section of the act provides for similar lists to be made for the solicitor and the defendant, after the court has inquired in-

to and passed upon the qualifications of all the persons who appear in court to serve as jurors. No juror can be permitted to sit as a juror in a case, if he is properly objected to, as to whom a cause for challenge exists, and when the court is passing upon the qualifications of jurors to try a case preparatory to the making up of the jury lists, the state or defendant may object to the placing of the name of any juror on the lists, if a cause for his challenge exists, and if, against the objection of a defendant, the name of a person, as to whom he has a proper challenge for cause, is placed, under the direction of the court, upon the lists, the court making the order would be guilty of reversible error, if injury thereby resulted to the defendant.

The fact that a person called as a juror is not a citizen of the county in which the defendant is tried is cause for challenge, both on the part of the state and the defendant. The objection, however, that cause for such challenge existed comes too late when it is not made until after the verdict has been rendered. The defendant, may, if he sees proper so to do, move the court for a new trial on this ground, but the action of the trial court in granting or refusing to grant a new trial in a criminal case on this, or any other, ground, in this state is in the irrevisible discretion of the trial court. That the refusal of a new trial in a criminal case cannot be made the subject of review on appeal has been repeatedly held, and is the settled law of the state. It can only be changed by statute, or by a decision of the Supreme Court overruling all of its former decisions on the subject.—*Ferguson v. State*, 149 Ala. 21, 43 South. 16; *Tom Scott v. State*, Infra, 56 South. It therefore follows that the court below cannot be put in error for refusing to grant appellant a new trial on the

above ground, or upon any other ground contained in his motion therefor.

The court, when it fixed the day for the trial of this defendant, made an order that his venire should consist of 88 jurors, 50 special jurors and 38 regular jurors, drawn and summoned for the week in which his case was set for trial. The jury for the week in which defendant's case was set for trial had not been impaneled when the day was fixed for defendant's trial, and he was served by the sheriff, as the law required, under the order of the court, with a copy of the indictment and with a list of the 88 jurors constituting the venire for his trial. When the regular jurors for the week during which defendant was tried were impaneled and sworn as jurors for the week, only 26 of the 38 were actually impaneled, the record affirmatively showing that the court, for good cause shown, excused 11 of the jurors from jury service, but it is silent as to why only 26, and not 27, which, with the 11 who were excused, would have made the 38 drawn and summoned, were impaneled as jurors for the week. It may be that, when the court had the jury sworn and impaneled, one juror had left the courtroom and could not be found, or that, for some other good and valid reason, the court failed to require him to be impaneled as a juror. It is, however, unnecessary for us to speculate about the matter, for the simple reason that we find nothing in the circumstance of which, under the facts disclosed by the record, the defendant can be heard to complain. There is nothing in our jury law requiring the trial court to show by its records its reasons for not having a juror drawn and summoned for a particular week actually placed on a panel and sworn as a juror for the week for which he was drawn and summoned, and so far as this

record discloses the court, in selecting the jury in this case, not only did so without objection on the part of the defendant, but complied with the letter and spirit of the law. So far as the record shows, we are authorized to presume that the juror about whom the appellant complains was present on the day the trial was had, that his qualifications were passed upon by the court, and that he was either not qualified to serve in the case as a juror, or that his name was placed on the lists. The fact that he was not impaneled and sworn as a juror for the week did not disqualify him from appearing and serving as a juror in defendant's case. The above views are in perfect accord with the views of the Supreme Court in *Elijah Jackson v. State,* 171 Aa., 55 South. 118.

Rape, as defined by Blackstone, is the carnal knowledge of a woman, forcibly and against her will. The definition given by Mr. Bishop is that rape is the having of unlawful carnal knowledge by a man of a woman forcibly, where she does not consent. Force, overcoming the resistance of the woman, is an indispensible element of rape, unless the woman is an idiot, or is subdued by fraud, or is overcome by drugs or drinks, or their equivalent. The consent of the woman, yielded at any time before the act of penetration is complete, relieves the offense of its felonious character.—*Dawkins v. State,* 58 Ala. 376, 29 Am. Rep. 754. Force, actual or constructive, is an indispensable element of the crime of rape, and acquiescence obtained through duress or by putting the woman in fear is constructive force. In the present case, the evidence for the state tended to show that the defendant, by putting the prosecutrix in fear of her life or of great bodily harm at his hands, had sexual intercourse with the prosecutrix against her will.

[Herndon v. The State.]

If this was true, he was guilty of rape. If, for the purpose of having sexual intercourse with the prosecutrix, the defendant put the prosecutrix in actual fear of her life or of great bodily harm at his hands, and if, by reason of such fear, and by reason of such fear alone, the prosecutrix submitted to the defendant, and while so submitting by reason of such fear the defendant actually penetrated her, the crime of rape was complete. Whether, after such penetration, accomplished as above stated, the prosecutrix withdrew her objections and willingly permitted the defendant to complete the act of sexual intercourse is immaterial. Penetration alone, the other elements of the crime concurring, is rape, without regard to the actual completion of the act, and without regard to the condition of mind of the prosecutrix or of the defendant subsequent to the actual penetration. While it is impossible to conceive of the situation above contemplated, i. e., an actual penetration by a man of a woman under such circumstances as to amount to rape, and the subsequent completion of the act with the consent, express or implied, of the woman, nevertheless, if such conditions should exist, the defendant would be guilty of rape.—*Posey v. State,* 143 Ala. 54, 38 South. 1019.

While the law arms a woman who is assaulted by a man with the intent to ravish her with the right to stand her ground, and, if necessary, to kill her assailant to protect her person from the gratification of his lust, the law does not compel her so to do. All of the circumstances surrounding the commission of the alleged crime are to be considered, and whether the prosecutrix does or does not repel force by force, or resist her assailant to the uttermost, if the act of penetration is actually accomplished by what, in law, amounts to legal force, and

against the will of the prosecutrix, the defendant is guilty of rape. The relative size of the parties, the age of each, their social and racial differences, and the absence of efforts on the part of the prosecutrix to avoid the act are all matters to be weighed by the jury on the question as to whether all the necessary elements of the crime exist, but when all the elements of the crime do exist the crime is one of rape, although the prosecutrix may have made no effort to resist.

In all prosecutions for rape, it is competent to impeach the general character of the prosecutrix for chastity, and, if she testifies as a witness, her general character for truth may be impeached. That the prosecutrix is unchaste is permitted to be shown, because such evidence bears on the probability or improbability of her consent to the alleged act of intercourse, and that she is of bad character for truth and veracity, when she testifies as a witness, as bearing on the weight to be given to her testimony. She may be of ill fame for chastity and for truth, "but she is still under the protection of the law and not subject to a forced violation of her person for the gratification of the propensities of the man who has the strength to overpower her."—*Boddie v. State,* 52 Ala. 395; *Griffin v. State,* 155 Ala. 88, 46 South. 481. In passing on the weight to be given the testimony of the prosecutrix in this case, the jury had the right, if, considering her reputation for unchastity and for untruthfulness, along with the other evidence in the case, they believed it to be true as a whole, to accept it as true, or if they believed it to be untrue, in whole or in part to reject it in whole, or to accept such parts as they believed to be true, and to reject such parts as they believed to be untrue.

While the testimony of the prosecutrix in this case was contradicted in every essential point, it was also

[Parker v. The State.]

corroborated by the evidence in some of its material parts, and while the jury can, upon the uncorroborated testimony of a prosecutrix whose reputation for chastity and truth are bad, convict of rape, if they believe beyond a reasonable doubt the testimony of the prosecutrix, in the present case the court was not authorized, as a matter of law, to say to the jury that the testimony of the prosecutrix was uncorroborated.

For the reasons given in sections 3 and 4 of this opinion, the court committed no error in refusing to give to the jury the first, second, and fourth charges requested in writing by the defendant.

The third charge requested by the defendant, which the court refused to give, states, as applied to the evidence in this case, a correct proposition of law, but it singles out a part of the evidence, and belongs to that class of charges which a trial court may or may not, in the exercise of its discretion, give to a jury.

It follows, therefore, that the record fails to show any error in the trial of the defendant in the court below, and that the judgment of the court below must be affirmed.

Affirmed.