(101 So. 160)

### TAYLOR v. STATE. (8 Div. 244.)

(Court of Appeals of Alabama. July 22, 1924.)

**1. Rape ⊚⊐53(2)—Evidence held insufficient to sustain conviction of assault with intent to ravish.**

Evidence *held* insufficient to sustain conviction of assault with intent to ravish; the evidence tending to show an assault and battery.

**2. Criminal law ⊚⊐560 — Conduct consistent with innocence is insufficient to warrant verdict of guilty.**

If the conduct of accused is, upon a reasonable hypothesis, consistent with innocence, it is insufficient to warrant a verdict of guilty.

**3. Criminal law ⊚⊐560—Court should direct acquittal, when guilt dependent upon conjecture.**

If the evidence raises a mere suspicion, or, admitting all it tends to prove, accused's guilt is left in uncertainty or dependent upon conjecture or probabilities, the court should instruct the jury to acquit.

**4. Criminal law ⊚⊐560—To sustain conviction evidence must overcome, prima facie, presumption of innocence.**

In order to sustain a conviction the evidence should be of such character as to overcome, prima facie, the presumption of innocence.

**5. Rape ⊚⊐16(1)—What must be shown in prosecution of assault, with intent to ravish.**

In a prosecution of assault, with intent to ravish, it must be shown that accused intended to gratify his passion at all events, and notwithstanding the utmost resistance on the part of the woman.

**6. Witnesses ⊚⊐270(3) — Refusal to allow cross-examination on immaterial question brought in by state held reversible error.**

Where, in a prosecution of assault, with intent to ravish, prosecutrix on direct examination testified that she had not had sexual intercourse with accused, court's refusal to allow question on cross-examination whether she had not had, before the occurrence complained of, various intercourses with accused, specifying in each instance the time and place, *held* reversible error on theory that, though the question involved was originally immaterial, yet, the state having brought the question in, accused was entitled to cross-examine the witness thereon.

**7. Criminal law ⊚⊐450 — Witness' statement that accused assaulted her held conclusion.**

Witness' statement that accused assaulted her in a certain month *held* inadmissible as a conclusion.

**8. Criminal law ⊚⊐1036(1), 1044—Question as to admissibility of evidence held not properly presented in absence of objection or motion to exclude.**

The question as to the admissibility of certain testimony *held* not properly presented, where no objection was interposed to the question calling for such testimony, and no motion was made to exclude the same.

**9. Rape ⊚⊐40(1)—Refusal to permit cross-examination of mother of prosecutrix as to men's voices heard held not error.**

In a prosecution of assault, with intent to ravish, exclusion of cross-examination of mother of prosecutrix as to statement made by her that she had frequently heard men's voices at her house after night, etc., was proper as not being material.

---

⊚⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Rape ⬤═48(2)—Permitting state witness to give details and particulars of alleged rape in first instance held reversible error.**

In a prosecution of assault, with intent to ravish, allowing state, on redirect examination of mother of prosecutrix to whom complaint was made to show by her, over accused's objection and exception, what prosecutrix said to her as to all the details of the alleged assault upon her by accused *held* reversible error, as proof of complaint should have been confined, as it was in the first instance, to the fact of complaint only.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

John Taylor was convicted of assault, with intent to ravish and appeals. Reversed and remanded.

J. Foy Guin and Travis Williams, both of Russellville, for appellant.

Questions calling for a conclusion of a witness are objectionable. Scott v. State, 48 Ala. 420. Evidence of previous acts by the prosecutrix should have been admitted. Lee v. State, 132 Tenn. 655, 179 S. W. 145, L. R. A. 1916B, 963; People v. Abbott, 19 Wend. (N. Y.) 192. The state having offered incompetent testimony could not object when it was sought to be rebutted by defendant. Griffin v. State, 155 Ala. 88, 46 South. 481. There was error in rulings on evidence during the cross-examination of the mother of prosecutrix. Livingston v. State, 7 Ala. App. 43, 61 South. 54; Davis v. Clausen, 2 Ala. App. 378, 57 South. 79. It was not permissible for the witness to recount the details of the assault as related to her by the prosecutrix. Gaines v. State, 167 Ala. 70, 52 South. 643.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Counsel argue for the correctness of rulings treated, but without citing authorities.

BRICKEN, P. J. [1] The facts as testified to by the prosecutrix in this case do not, in our opinion, make out a case of assault with intent to ravish. Taken in the most unfavorable light against defendant the testimony of the alleged injured party tends to show an indecent and unlawful assault upon her by this appellant, but this evidence does not make out the necessary intent on his part to have intercourse with her by force, or fear, and against her consent. It tends rather to show that his intent was to obtain her consent to his having sexual intercourse with her, and that when he became convinced that he could not gain her consent he voluntarily desisted, without any outside interference, and without unusual resistance upon her part. As to the felony charged in this indictment the defendant was entitled to the general affirmative charge requested in writing.

[2-4] The well-established rule in criminal cases is that the proof is insufficient to warrant a verdict of guilty if the conduct of the accused is, upon a reasonable hypothesis, consistent with his innocence. If the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty, or dependent upon conjecture or probabilities, the court should instruct the jury to acquit. In all criminal cases in order to sustain a conviction the evidence should be of such character as to overcome, prima facie, the presumption of innocence.

[5] As stated, in the instant case, the acts and conduct of the accused as testified to by the prosecutrix do not reasonably authorize the conclusion that he intended to accomplish his purpose against her will and by force if necessary. His conduct as stated by said witness appears to be consistent with the theory that he expected to gratify his lustful desires with her consent. If her evidence be believed, beyond a reasonable doubt, it will be conceded that the conduct of the accused was indecent and insulting, and subjected him to a conviction for assault and battery; but under the facts detailed by the prosecutrix it falls short of showing a felonious intent. In a prosecution of this character it must be shown that the accused intended to gratify his passion at all events, and notwithstanding the utmost resistance on the part of the woman.

The evidence disclosed that the prosecutrix was a young woman between the age of 18 and 19 years; that the defendant at the time of the alleged assault was about 16 years of age; that they had known each other 2 or 3 years, and lived in the same community. The woman testified:

"He grabbed me by the left arm. He tried to pull me over in the woods, and he pulled me a pretty good piece. He did not get me down. He tried to pull my dress up, and I got away from him, and I was crying. He tried to pull my dress up, but I held it down. I told him I was going home and tell my mama, and he said, 'Go it then, you blame bitch.' "

On cross-examination she testified that—

"It was in plain sight of the road, and about 3 o'clock in the daytime in the month of May. I did not scream, but commenced crying."

[6] On the direct examination of the prosecutrix she testified: "I had never had a sexual intercourse with that man." On her cross-examination the defendant undertook to examine her as to whether or not she had not before the occurrence complained of, had various and sundry sexual intercourses with the defendant, specifying in each instance the time and place. The court upon objection by the state refused to allow these questions to be asked the witness, and in these rulings committed reversible error. It may be true that under the then status of the evidence the question involved was im-

material, but the state brought the question into the case, and under the elementary rules of evidence the defendant should have been allowed to cross-examine the witness thereon. Griffin v. State, 155 Ala. 88, 46 South. 481.

[7, 8] Witness Daisy Ferguson was permitted to testify to the substantive fact "John Taylor assaulted me in May of this year." As to whether defendant assaulted her or not was a conclusion, and a witness may not be permitted to state a conclusion. Scott v. State, 48 Ala. 420. No objection having been interposed to the question calling for this statement, and no motion made to exclude same, the question is not here properly presented.

[9, 10] The mother of prosecutrix, Mrs. Bertha Ferguson, with the permission of the court, was recalled by defendant for further cross-examination. Several exceptions were reserved to the rulings of the court in not permitting the defendant to make inquiry as to statements made by her to Mrs. Moore that she had frequently heard men's voices at her house after night, etc. We discover no error in the ruling of the court in this connection; the matter inquired about being immaterial to the issues involved here. But the court committed error in allowing the state, upon the redirect examination of this witness, to show by her, over the objection and exception of defendant, what the prosecutrix said to her as to all the details of the alleged assault upon her by the defendant. This is never permissible. The proof of complaint, having been made to this witness by the alleged injured party, should have been confined, as it was in the first instance, to the fact of complaint only. The details and particulars cannot be shown in the first instance by the state. The holding in the case Gaines v. State, 167 Ala. 70, 52 South. 643, is conclusive of this question, and no other citation of authority is necessary.

Numerous other questions are presented and insisted upon, but a discussion of them all would extend this opinion unnecessarily, and would serve no good purpose.

For the errors pointed out, the judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.