(104 So. 872)

## LAXSON v. STATE. (8 Div. 297.)

(Court of Appeals of Alabama. June 30, 1925.)

**1. Assault and battery ⊜⟹49—Proposal to have intercourse, accompanied by permissive caresses, does not constitute unlawful assault.**

Proposal to have intercourse, even accompanied by permissive caresses, does not constitute an unlawful assault.

**2. Assault and battery ⊜⟹51—Importunity for sexual intercourse, unaccompanied by physical contact, does not constitute an assault.**

An importunity for sexual intercourse, however urgent, unaccompanied by physical contact, does not constitute an assault, but if accompanied by physical caresses, unwelcomed and resisted, crime of assault and battery is made out, although unaccompanied by such force as would authorize a conviction for an assault to rape.

**3. Assault and battery ⊜⟹91—Evidence held to sustain conviction.**

In prosecution for assault and battery, when defendant solicited sexual intercourse with prosecutrix, evidence held to sustain conviction.

**4. Criminal law ⊜⟹786(2)—Jury, in passing on defendant's credibility, may consider that he is defendant, and if convicted that he will suffer.**

Instruction that jury should fairly and impartially consider evidence of defendant, and in passing on his credibility might consider fact that he was defendant and if convicted he was the one to suffer, held not erroneous.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Earl Laxson was convicted of assault and battery, and he appeals. Affirmed.

The defendant excepted to the following excerpt from the court's oral charge:

"You may consider also—you should consider also the evidence of the defendant, and consider it fairly and impartially as you would the evidence of any other witness, bearing in mind that—you may bear in mind at the time that he is the defendant and if convicted he is the one to suffer."

Whereupon the court stated to the jury:

"I don't say you should bear in mind—what I say is this: I intended to charge it—because the law doesn't require you to bear in mind that fact, but does say you should fairly and impartially consider the evidence of the defendant; in passing upon what credibility you give to his testimony, you may consider the fact that he is the defendant and if convicted he is the one to suffer."

To this statement of the court, the defendant excepted.

Douglass Taylor, of Huntsville, for appellant.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant was entitled to the affirmative charge. Taylor v. State, 20 Ala. App. 161, 101 So. 160. The portion of the oral charge excepted to was error. Hembree v. State, 20 Ala. App. 181, 101 So. 221.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] The defendant, after having had several "dates" with prosecutrix, entered her room after 10 o'clock at night and sought to have intercourse with her. Upon being refused, and upon the demand of the girl, he left without accomplishing his purpose. The girl testified that she was in bed and asleep; that when she awoke defendant was on the bed with her; that he told her what he wanted; that she refused and threatened to "holloa" if he did not leave; that she did not "holloa" or make other alarm, but continued to refuse, and defendant "kept on trying to do something to me, he never did accomplish his purpose." There was a long detailed conversation between the girl and defendant before he finally desisted and left, and, as testified to by the girl: "He finally got up and left when I told him he had to leave." The girl was sleeping in the room with her younger sister and in the house with her mother and another sister. It is insisted that there is no evidence from which the jury could legally infer that an assault and battery was committed. It is true that a proposal to have intercourse, even accompanied by permissive caresses, does not constitute an unlawful assault. Taylor v. State, 20 Ala. App. 161, 101 So. 160; Burton v. State, 8 Ala. App. 295, 62 So. 395. And an advance or importunity, however urgent, unaccompanied by physical contact does not constitute an assault. But, if the advance or importunity is accompanied by physical caresses, unwelcomed and resisted, the crime of assault and battery is made out, although unaccompanied by such force as would authorize a conviction for an assault to rape.

[3] The girl testified, without objection on the part of defendant, that "he kept trying to do something to me." This statement, while a conclusion of the witness, is definite enough, when taken in connection with the other facts, to warrant the inference that there was not only the proposal and importunity, but that they were accompanied by physical efforts on the part of defendant at caresses, unwelcomed and resisted, in an effort to arouse the passions of the girl, so that she would yield to the defendant's desires. The affirmative charge was properly refused.

[4] The charge of the court as to the weight to be given the testimony of defendant is in line with all of the decisions of this court, and is a correct statement of the law. Green v. State, 19 Ala. App. 239, 96 So. 651; Hembree v. State, 20 Ala. App. 184, 101 So. 221.

We find no error in the record, and the judgment is affirmed.

Affirmed.