(129 So. 315)

## CULBERT v. STATE.
### 8 Div. 793.

Court of Appeals of Alabama.
June 17, 1930.

Joe Starnes, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

■■ Appellant is a farm laborer, a sort of "hired hand," of the age of twenty-five years. He was convicted of the offense of rape, and his punishment fixed at imprisonment in the penitentiary for the term of ten years. The alleged victim of his lust was a woman fifty-six years of age, who had been twice married, and who had at least one living husband, from whom she was living separate and apart. She had children who were "grown" and married; but she made her own living, doing farm work, cooking, nursing, etc., and had been so engaged for many years prior to the time her virtue is alleged to have been outraged by appellant.

According to the evidence in the record, the "character," and "reputation" of appellant, and his alleged victim whom we will now refer to as the "prosecutrix," are about the same; their relations, prior to the event giving rise to the prosecution culminating in this appeal, friendly, familiar, and characterized by a degree of informality which, if not unusual, at least is of service in analyzing the testimony. Indeed, as we gather from the record, there arose nothing that could be termed "hostility" between appellant and prosecutrix subsequent to the alleged rape of prosecutrix by appellant until, or before, she came into the company of a man with whom appellant had had some sort of difficulty or fight. True, it may appear, that prosecutrix had told a mutual friend, or friends, of hers and appellant's, of the occurrence, but had done nothing about it, nor asked that anything be done about it, by way of prosecution or otherwise.

We have hereinabove referred to prosecutrix as the *alleged* victim of the lust of appellant, not meaning thereby to intimate that the evidence in the record leaves any doubt but that his lust was gratified upon her body, but to indicate that appellant maintained and offered testimony both by himself and others to support his contention that the intercourse enjoyed by him with prosecutrix was with her full approval and consent.

There are some questions of merit apparent, with regard to rulings made on the taking of testimony, and, perhaps, with reference to some written refused charges which were requested by appellant. But, in the view we have taken of the case, it is unnecessary to consider *any* of these.

The court has read the entire evidence, sitting en banc; and, in like manner, we have reached the decision we shall announce.

We are not unmindful of the rather full and complete definition of the crime of rape, to which this court is committed, and from which we do not care to depart, in the opinion in the case of Herndon v. State, 2 Ala. App. 118, 56 So. 85, 87, nor, of our comments therein to this effect, to wit: "While the law arms a woman who is assaulted by a man with the intent to ravish her with the right to stand her ground, and, if necessary, to kill her assailant to protect her person from the gratification of his lust, the law does not compel her so to do. All of the circumstances surrounding the commission of the alleged crime are to be considered, and whether the prosecutrix does or does not repel force by force, or resist her assailant to the uttermost, if the act of penetration is actually accomplished by what, in law, amounts to legal force, and against the will of the prosecutrix, the defendant is guilty of rape. The relative size of the parties, the age of each, their social and racial differences, and the absence of efforts on the part of the prosecutrix to avoid the act are all matters to be weighed by the jury in passing on the question as to whether all the necessary elements of the crime exist, but when all the elements of the crime do exist the crime is one of rape, although the prosecutrix may have made no effort to resist."

However, we believe we should here add, as an amplification, explanation, or, possibly qualification, of the above quotation, the remark that, unless the circumstances shown give rise to the inference that the woman was rendered powerless through fear, or shock, or otherwise, to offer resistance, the law, before it will allow a conviction for this heinous crime to stand, when properly assailed, will require that there be evidence that genuine resistance, by the woman, other than mere verbal disapproval of the act, was offered.

A detailed analysis and discussion of the salacious evidence in this record could be of benefit to no one. Suffice to say, in the language used by our Supreme Court in the opinion in the case of So. Rwy. Co. v. Carolina-Portland Cement Co., 171 Ala. 427, 55 So. 134, 135, to wit: "Taking full account of the rule announced in Cobb v. Malone, 92 Ala. 630, 9 So. 738, firmly accepted for the guidance of this court in reviewing the action of trial courts in overruling motions for new trial, we feel constrained to hold in this case, after a careful consideration of the

whole evidence presented in the bill of exceptions, that the new trial should have been granted, upon the ground that the weight of the evidence against the verdict is so great as to convince this court that 'the substantial ends of justice require the examination of the facts by another jury.' "

For the error in overruling appellant's motion for a new trial, the judgment is reversed, and the cause remanded.

Reversed and remanded.