(132 So. 914)

## Harvey GORDON v. STATE.
### 6 Div. 819.

Court of Appeals of Alabama.
March 17, 1931.

F. E. St. John and F. E. St. John, Jr., both of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., for the state.

## RICE, J.

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of three years.

It was alleged that he killed, etc., one Charlie Watson by "hitting him with an automobile."

The court has read, studied, and considered the entire evidence in the case, sitting en banc. We have concluded that it would be profitless to make any extended remarks about the testimony. But as said by our Supreme Court, "taking full account of the rule announced in Cobb v. Malone, etc., 92 Ala. 630, 9 So. 738, firmly accepted for the guidance of this court in reviewing the action of trial courts in overruling motions for new trial, we feel constrained to hold in this case, after a careful consideration of the whole evidence presented in the bill of exceptions, that the new trial should have been granted, upon the ground that the weight of the evidence against the verdict is so great as to convince this court that 'the substantial ends of justice require the examination of the facts by another jury.'" So. Rwy. Co. v. Carolina Portland Cement Co., 171 Ala. 427, 55 So. 134.

For the error in overruling appellant's motion for a new trial, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.