241 So.2d 341

**Benjamin F. McLIN**

**v.**

**STATE.**

**4 Div. 39.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

Rehearing Denied Nov. 17, 1970.

Farmer & Herring, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Daytime burglary with intent to ravish; sentence four years. Code 1940, T. 14, § 86.

The defendant sought to show consent.

## I

■ Without any prior testimony concerning it, the defendant's witness, his wife, was asked on her cross examination as to a statement she had made later in the day of his entry into the prosecutrix's house. The record shows:

"Q Did you make a statement at that time to [prosecutrix] in the presence of her mother and in the presence of her Father—

"MR. HERRING: I object to any statement that she made in the presence of these people.

"THE COURT: What is your grounds?

"MR. HERRING: Well, it's made out of the presence of this defendant. It's not proper testimony to impeach her prior testimony, if your Honor please.

"THE COURT: I overrule your objection. I presume he is laying a predicate.

"Q —that, in substance, that your husband had done this—he had done it before and you hoped that Judy would have the guts to prosecute him?

"A I did not say that."

Then, on rebuttal, the State called the mother of the prosecutrix who testified anent this statement:

"Q I will ask you whether or not * * *—Judy McLin said in your

presence in your house on Sunday morning the 25th of May, 1969, in Newton, Alabama, in the presence of your husband, yourself and [prosecutrix]; whether or not Mrs. McLin said—made a statement in substance that her husband had broken in and beaten up [prosecutrix] and that he had done it many times before, or before, and that she hoped that [she] would have enough guts to go through with it because none of the rest of them had?

"MR. HERRING: Now, Judge, I renew my objection on the ground that the question is leading and that it is irrelevant, immaterial as to any statement that the defendant's wife made, unless it is shown to be a part of the Res Gestae.

"MR. BAXLEY: It is strictly for impeachment.

"THE COURT: I overrule the objection.

"MR. HERRING: And I except.

"THE COURT: Yes, sir, your exception is noted. You can answer.

"A Yes, sir, she sure did."

This was impeachment on an immaterial point. It was prejudicial because it implied that the defendant had committed other offenses with different women. Lowe v. State, 40 Ala.App. 9, 122 So.2d 382, affirmed 271 Ala. 699, 122 So.2d 386. Hence, we must hold the ruling below as injurious error.

## II.

■ In view of the need for another trial, we call attention to the following excerpt showing part of the examination of a defense witness:

"Q I will ask you do you know [prosecutrix's] reputation in the community in which she resides as to her chastity?

"A Yes, sir.

"MR. BAXLEY: We object.

"THE COURT: I overrule your objection as having come too late.

"MR. BAXLEY: Move to strike her answer.

"THE COURT: Motion so granted.

"MR. HERRING: Judge—

"THE COURT: I have granted the motion.

"MR. HERRING: I take exception to the motion.

"THE COURT: You have your exception.

"MR. HERRING: And I would like for the record to show that the Court has refused to allow this witness to testify as to her knowledge of the witness and prosecutrix's general reputation as to chastity in this case.

"THE COURT: You have your exception.

"MR. HERRING: No further questions.

"THE COURT: Let the record further show that this is a burglary case."

Since the question was not confined to the prosecutrix's reputation before the time of the crime, the trial judge will not be put in error for granting the motion to strike. Griffin v. State, 155 Ala. 88, 46 So. 481(3) 75 C.J.S. Rape § 63 under catchline *"Time of character or reputation,"* p. 538; Anno. 140 A.L.R. 364 at 380, McElroy, Law of Evid. in Ala. (2d ed.), § 32.01, Vol. 1, p. 57, ¶ 2.

Perhaps on new trial the question will not arise again, even as to repute anterior to the alleged crime.

### III

For the error noted, the judgment below is reversed and the cause there remanded for new trial.

Reversed and remanded.